CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X

| | |
|---|---|
| CAVALRY SPV I, L.L.C., | Index No. CV-033383-18/KI |
| Plaintiff, | AFFIRMATION IN SUPPORT OF |
| -against- | DEFENDANT'S ORDER TO |
| | SHOW CAUSE* |
| ALESKANDRA NESTEROVA, | |
| Defendant *pro se*. | |

-------------------------------------------------------------X

ALEKSANDRA NESTEROVA affirms:

1. I am the defendant *pro se* in this action. I note that my first name is Aleksandra, not "Aleskandra" as spelled in the caption. I live at 3415 Neptune Ave, Apt. 1106, Brooklyn, NY 11224. I am a single mother. My two children and I subsist on my wages and food stamps, which barely cover our basic needs, such as food and rent.

2. I submit this affirmation in support of my *pro se* Order to Show Cause for an order a) vacating the default judgment for Plaintiff's failure to comply with a stipulation of settlement, and lifting any remaining restraints or levies, and b) compelling Plaintiff to immediately return the exempt funds that it seized from my bank account.

3. The Court should vacate the default judgment for Plaintiff's failure to comply with a stipulation of settlement because:

    a. Plaintiff and I entered into a Stipulation of Settlement that required Plaintiff to notify me via regular mail in the event I failed to remit any payment when due, with 10 days' notice ("10-day Notice to Cure Default"), prior to seeking a default judgment in this case;

    b. I was unable to continue making payments under the Stipulation of Settlement because of financial hardship, and attempted multiple times to reach Plaintiff

---

* This document was prepared with the assistance of attorneys at New Economy Project, 121 West 27th Street, Suite 804, New York, NY 10001 (212-680-5100). New Economy Project operates the NYC Financial Justice Hotline (212-925-4929), which provides free limited-scope legal assistance to low-income New York City residents.

         to ask for more time or a modified payment plan, but I never received a 10-day Notice to Cure Default from Plaintiff;

    c.    Despite Plaintiff's failure to comply with the Stipulation of Settlement, Plaintiff nevertheless proceeded to obtain a default judgment against me in this case; and

    d.    I would be prepared to resume making $75/month payments, per the Stipulation of Settlement, less any amount Plaintiff levied from my account that it may be entitled to retain.

4.    The Court should also order Plaintiff to immediately return the exempt funds that it seized from my bank account because:

    a.    Plaintiff levied the funds in my bank account at TD Bank on or around December 18, 2024;

    b.    The funds in my bank account included $6,130.70 in wages earned within the prior 60 days, 90% of which – or $5,517.63 – is exempt pursuant under New York law CPLR 5205(d)(2);

    c.    I submitted completed exemption claim forms to Plaintiff and my bank, pursuant to CPLR 5222-a(c), accompanied by supporting documents demonstrating that $6,130.70 of the funds in my bank account are from wages earned within the prior 60 days, meaning that 90%, or $5,517.63, is exempt under New York law;

    d.    I received confirmation that Plaintiff received my exemption claim form and supporting documents a month ago, on January 13, 2025, but Plaintiff still has not returned my exempt funds or even responded to me.

5.    Plaintiff commenced this lawsuit on or about November 23, 2018, by filing a Summons and Complaint.

6.    I received the Summons and Complaint for this case only by mail, sometime in 2019. Without the benefit of legal advice or representation, I filed a *pro se* Answer and attended a hearing in this case. I did not know what defenses, rights or protections I had at the time.

7.    At my court hearing on July 11, 2019, Plaintiff's attorney offered me a payment plan in which I would have to make $75/month payments toward a total of $4,000, starting

|     |     |
| --- | --- |
|     | on August 15, 2019. At the time, I did not think I could afford $75/month for the duration of the payment plan, but Plaintiff's attorney told me that I would get a worse outcome if I went before the judge. I therefore agreed and signed a Stipulation of Settlement. A copy of the Stipulation of Settlement is attached as Exhibit A. |
| 8.  | Despite the severe strain on my finances, I managed to make the initial few $75 month payments, though only with great effort and sacrifice. However, my income was significantly reduced at the onset of the COVID-19 pandemic. As a Social Worker, I am paid per session with my patients/clients. To comply with social distancing and emergency public health measures, I switched to holding virtual appointments, which resulted in a sudden overall reduction in my patient/client caseload and income. This made my financial situation even more desperate, making it impossible for me to continue making the $75/month payments under the settlement agreement. |
| 9.  | I called Plaintiff's attorneys multiple times in an attempt to discuss my situation and either work out a new agreement that would be affordable or obtain a forbearance on the payment plan given the pandemic. However, Plaintiff's attorneys never returned my phone calls or responded to my voicemails. I barely had enough money to pay my rent and buy food for myself and my two children, so had no choice but to stop making the $75/month payments. |
| 10. | After I stopped making the $75/month payments, I did not hear from Plaintiff or Plaintiff's attorneys until Plaintiff levied my bank account on or around December 18, 2024. I never received a 10-day Notice to Cure Default, as required by the Stipulation of Settlement (see Exhibit A). |
| 11. | As stated above, I would be prepared to resume making $75/month payments, per the Stipulation of Settlement. |
| 12. | I found out my bank account was restrained after I logged into my account online and saw that a large withdrawal had been made from my account that I did not authorize. Assuming it was fraud, I called my bank, and a bank representative told me my account had been levied because of a judgment, and that the bank would send me documents. |
| 13. | Though my account was restrained and levied on December 18, 2024, I did not receive exemption claim forms from my bank until around December 28, 2024. A copy of the cover letter from TD Bank dated December 18, 2024 enclosing the exemption claim forms is attached as Exhibit B. |

Page 3 of 4

14. I then sought legal advice from a free legal assistance hotline. I understand that the money that Plaintiff levied from my bank account included exempt funds, which should be returned to me. Despite informing both the bank and Plaintiff that the levied funds included exempt funds, Plaintiff has yet to return these exempt funds to me.

15. Pursuant to CPLR 5205(d)(2), 90% of the income earned in the 60 days prior to a restraint or levy and following a restraint or levy is exempt from debt collection. The 60 days prior to the December 18th restraint and levy on my account ran from October 19, 2024.

16. My total earnings from that period from October 19, 2024, through December 18, 2024, are $6,130.70. Ninety percent of that amount, or $5,517.63, is statutorily exempt from debt collection. I have already received the automatically protected amount of $3,840 from my bank, which leaves $1,677.63 in exempt funds that Plaintiff levied and still has not returned to me.

17. I sent the filled-out exemption claim forms to Plaintiff and my bank via certified mail on January 10, 2025, and explained these calculations in an accompanying cover letter. I received confirmation that my mailings were received on January 13, 2025. Copies of my cover letter, completed exemption claim forms, and certificates of mailing with tracking numbers are attached as Exhibit C. Nonetheless, I have yet to receive a response from Plaintiff.

WHEREFORE, I request that the Court vacate the default judgment, lift any and all restraints and executions, and order Plaintiff to return my exempt funds, with interest, and grant me such other and further relief as may be just and proper.

I hereby affirm, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Date: _____, 2025
Brooklyn, New York

_____
Aleksandra Nesterova, Defendant *pro se*
3415 Neptune Ave, Apt. 1106,
Brooklyn, NY 11224

# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

Cavalry SPV I, LLC

                              Plaintiff,     INDEX # CV-033383-18/KI

-against-

                                                STIPULATION OF SETTLEMENT

ALEKSANDRA NESTEROVA

                              Defendant

It is hereby stipulated and agreed by and between the attorney for the plaintiff and the defendant as follows:

1. The default judgment entered against the defendant on 03/14/2019 in the amount of $5120.34 is:
   [X] vacated
   [ ] remains as security *(strike one)*.

   Plaintiff consents to release any and all bank restraints, garnishments, liens, etc. that have been executed in reference to the instant matter. The defendant herein appears, withdraws the order to show cause motion, acknowledges service of the Summons and Verified Complaint, admits the jurisdiction and venue of this Court, and that there are no defenses to this action.

1. Plaintiff has agreed to accept the sum of $ 4000.00 in full satisfaction of the debt due plaintiff, to be repaid as follows: monthly installments of $75.00 to be paid on or before the 15th of each month, beginning August 15, 2019 (the "Repayment Period").

2. That the payments provided for herein are to be made payable to
   [X] **Stephen Einstein & Associates, P.C.** at 39 Broadway, Suite 1250, New York, New York 10006
   [ ] Marshal Ronald Moses, 111 John Street, Suite 500, New York, NY 10038 *(strike one)*.

3. That in the event Defendant fails to remit any payment when due, Plaintiff will notify Defendant via regular mail to the address noted below. If any default is not cured within ten (10) days of said notice, Plaintiff may:
   [X] submit a judgment, without further notice, for all sums due as computed from the complaint, less payments remitted, if any, plus costs, interest, and disbursements.
   [ ] Enforce the entered judgment, less any payments or credits made toward the balance due.

4. When all payments due under this agreement are received and clear Plaintiff's escrow account, Plaintiff's attorney agrees to provide Defendant a:
   [X] Stipulation of Discontinuance with Prejudice
   [ ] Satisfaction of Judgment. *(strike one)*

5. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Dated: ~~July 10, 2019~~ July 11, 2019

                                                   Stephen Einstein & Associates, P.C.
                                                   Attorneys for Plaintiff  Aksana Bondartseva
                                                   39 Broadway, Suite 1250
                                                   New York, NY 10006 (212) 267-3550

ALEKSANDRA NESTEROVA
PRO SE DEFENDANT
3415 NEPTUNE AVE ~~1909~~ 1106
BROOKLYN NY 11224
SE Account # 289320.001

HON. CAROLYN WALKER-DIALLO



# EXHIBIT B



**TD Bank**
**America's Most Convenient Bank®**
P.O. Box 1880
Cherry Hill, NJ 08034

December 18, 2024

ALEKSANDRA NESTEROVA
3415 NEPTUNE AVE APT 1106
BROOKLYN, NY 11224

TD Bank reference number: 1152821

Dear Customer:

On December 10, 2024, TD Bank, N.A was served with a Garnishment Order. The amount of the Garnishment Order is $5,230.24.

By law, TD Bank, N.A. is required to comply with any Garnishment Order served upon it. The following amount(s) have been deducted from your account(s) and placed in a separate holding account.

| Account | Amount |
|---|---|
| 4331502446 | $1,998.53 |
| Total | $1,998.53 |

This amount will remain in the holding account until TD Bank, N.A is required to remit the funds or at such time that it receives further direction from the court/agency that issued the Order. Any funds subject to this levy are not available for withdrawal or to pay any outstanding checks.

TD Bank, N.A. has assessed a fee of $125.00 for receiving and processing the Garnishment Order. In addition, your account(s) may still be subject to any applicable bank fees imposed pursuant to your account agreement.

For further information regarding the service of this Garnishment Order please contact the creditor listed on the enclosed Garnishment Order. The Garnishment Order may identify exemptions under the law of the state where the judgment was obtained. However, if you reside in a different state, you may be entitled to claim exemptions pursuant to the law of your state of residence. You may wish to consult an attorney concerning this matter and any additional exemptions available. TD Bank, N.A. cannot provide you with legal advice. A copy of the Garnishment Order is attached for your review.

Sincerely,

TD Bank, N.A.
Levy Department

2024-12-10 13:23　　　　TD Bank 2122330384 >> TD Serv - OX0　　　　P 1

**RONALD MOSES**
Badge No. 10
**MARSHAL**
CITY OF NEW YORK
111 JOHN STREET, SUITE 500　　Phone: (212) 349-4303
NEW YORK, NY 10038　　Fax: (212) 349-4309

December 6, 2024

# LEVY AND FINAL DEMAND

TD BANK LEVY DEPT.
11000 ATRIUM WAY
MOUNT LAUREL NJ 08054

**JUDGMENT CREDITOR**

CAVALRY SPV I, LLC
VS
NESTEROVA, ALEKSANDRA
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
**JUDGMENT DEBTOR**

GREETINGS:

Attached you will find a Property Execution with Notice To Garnishee. As directed under CPLR 5232(a), you are required to turn over to me all property of the judgment Debtor currently in your possession or custody, not to exceed the following amount:

| | |
|---|---|
| Judgment | $4,642.84 |
| Interest | $262.00 |
| Statutory Fees | $75.00 |
| Expense | $1.34 |
| Poundage | $249.06 |
| **TOTAL** | **$5,230.24** |

Should you have any questions, kindly contact my office:　　Very truly yours,
Marshal's Docket No.: **R 104620**

RONALD MOSES
Marshal City of New York
Badge No. 10

---

**FOR BANK USE ONLY. Please checkmark account status:** ☑
☐ 1. An official check is enclosed and we have released the account
☐ 2. There is an account in the name of the judgment debtor as follows:
　Branch of account: _____　Phone No.: _____
　Account Number: _____　Balance: _____
☐ 3. Prior Lien(s)
☐ 4. No account or assets maintained at this office
☐ 5. The account of the judgment debtor was overdrawn
☐ 6. Former account(s) was closed on: _____
☐ 7. Joint account
☐ 8. No funds
Remarks: _____
Position held: _____ Phone No: _____ Branch of account: _____ Phone No.: _____

This fax Page 1 of 5 was received on 12/10/2024 1:23:00 PM [Eastern Standard Time]

2024-12-10 13:23          TD Bank 2122330384 >> TD Serv - OX0                                    P

*This fax Page 2 of 5 was received on 12/10/2024 1:23:00 PM [Eastern Standard Time]*

INTEREST SHALL BE ACCRUED PURSUANT TO CPLR 5004 AT THE RATE OF TWO (2%) PERCENT PER ANNUM.

CIVIL COURT OF THE CITY OF NEW YORK                     INDEX NO. CV-033383-18/KI
COUNTY OF KINGS

Cavalry SPV I, LLC
        Plaintiff(s)                              **EXECUTION WITH**
-against-                                                **NOTICE TO GARNISHEE**

ALEKSANDRA NESTEROVA
        Defendant(s).

S.S. #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,
MATTER NO. 289320

THE PEOPLE OF THE STATE OF NEW YORK TO THE ENFORCEMENT OFFICER OF ANY COUNTY, GREETING:

WHEREAS in an action between Cavalry SPV I, LLC as plaintiff(s) and ALEKSANDRA NESTEROVA, as defendant(s) who are all the parties named in said action, a judgment was entered on February 14, 2022 in favor of Cavalry SPV I, LLC, judgment creditor(s), and against ALEKSANDRA NESTEROVA, judgment debtor(s), whose last known address is 3415 NEPTUNE AVE 1106, BROOKLYN NY 11224 in the amount of $4899.09, of which $4,642.84 together with interest thereon from February 14, 2022 @ 2% remains due and unpaid;

WHEREAS a transcript of the judgment was filed on with the Clerk of the County of Kings, in which county the judgment was entered; and

NOW, THEREFORE WE COMMAND YOU to satisfy the said judgment out of the real and personal property of the above named judgment debtor and debts due to him; and that only the property in which said judgment debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; AND TO RETURN this execution to the clerk of the above captioned court within 60 days from issuance unless service of this execution is made within that time or within extensions of that time made in writing by the attorney(s) for the judgment creditor.

Pursuant to CPLR § 5205(l), $3,425.00 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR § 5205(l)(2) is exempt from execution and the garnishee cannot levy upon or restrain $3,425.00 in such an account.

Pursuant to CPLR § 5222(i), an execution shall not apply to an amount in total to or less than 10% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in Labor Law § 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

**Notice to Garnishee**        TD Bank
                                  1101 Hooper Avenue,
                                  Toms River, NJ 08753

WHEREAS, it appears that you are indebted to the judgment debtor, above named, or in possession or custody of property not capable of delivery in which the judgment debtor has an interest, including, without limitation, the following specified debt and property at TD Bank;

NOW, THEREFORE, YOU ARE REQUIRED by section 5232(a) of the Civil Practice Law and Rules forthwith to transfer to the sheriff all personal property not capable of delivery in which the Judgment Debtor is known or believed to have an interest now in or hereafter coming into your possession or custody including any property specified in this notice; and to pay to the said sheriff, upon maturity, all debts now due or hereafter coming due from you to the Judgment Debtor, including any debts specified in this Notice; and to execute any documents necessary to effect such transfer or payment;

AND TAKE NOTICE that until such transfer or payment is made or until the expiration of 90 days after the service of this execution upon you or such further time as is provided by any order of the court served upon you whichever event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of said sheriff or pursuant to an order of the court.

AND TAKE FURTHER NOTICE THAT at the expiration of 90 days after a levy is made by service of this execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void except as to property of debts which have been transferred or paid to the sheriff or as to which a proceeding under sections 5225 or 5227 of the Civil Practice Law and Rules has been brought.

Dated: December 4, 2024

Marshall Ronald Moses                    Tromberg, Morris & Partners, PLLC
111 John Street, Suite 500                Attorney(s) for Judgment Creditor
New York, New York 10038              39 Broadway, Suite 1250
                                            New York, NY 10006 (212) 267-3550

RECEIVED

DEC 06 2024

Office of City Marshal
Ronald Moses

**PLEASE REMIT FUNDS FROM SOLE ACCOUNTS**

N/A

2024-12-10 13:24          TD Bank 2122330384 >> TD Serv - OX0                P 3/5

# EXEMPTION NOTICE
as required by New York Law

## YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt".

**DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?**

1. Social Security;
2. Social Security disability (SSD);
3. Supplemental security income (SSI);
4. Public assistance (welfare);
5. Income earned while receiving SSI or public assistance;
6. Veterans benefits;
7. Unemployment insurance;
8. Payments from pensions and retirement accounts;
9. Disability benefits;
10. Income earned in the last 60 days (90% of which is exempt);
11. Workers' compensation benefits;
12. Child support;
13. Spousal support or maintenance (alimony);
14. Railroad retirement;
15. Black lung benefits; and/or
16. Covid-19 stimulus relief for individuals & families with children.

If YES, you can claim that your money is exempt and cannot be taken.

To make a claim, you must
a) complete the EXEMPTION CLAIM FORM attached;
b) deliver or mail the form to the bank with the restrained or "frozen" account; and
c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 days of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditors attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form.

R104620

2024-12-10 13:24          TD Bank 2122330384 >> TD Serv - OXO                    P 4

This fax Page 4 of 5 was received on 12/10/2024 1:23:00 PM [Eastern Standard Time]

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS  INDEX# CV-033383-18/KI

Docket: R104620

---
                              Judgment Creditor
**CAVALRY SPV I, LLC**

## EXEMPTION CLAIM FORM

vs

                              Judgment Debtor
**NESTEROVA, ALEKSANDRA**
3415 NEPTUNE AVE1106
BROOKLYN, NY 11224

---

NAME AND ADDRESS OF JUDGMENT
CREDITOR OR ATTORNEY
**ADDRESS A**
TROMBERG MORRIS & PARTNER, PLLC
STE 1250
39 BROADWAY
NEW YORK, NY 10006

NAME AND ADDRESS OF
FINANCIAL INSTITUTION
**ADDRESS B**
TD BANK
LEVY DEPT.
11000 ATRIUM WAY
MOUNT LAUREL, NJ 08054

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. *****If you have any documents such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds (check all that apply):

_____ Social Security
_____ Social Security disability (SSD)
_____ Supplemental security income (SSI)
_____ Public assistance
_____ Wages while receiving SSI or public assistance
_____ Veterans benefits
_____ Unemployment insurance
_____ Payments from pensions and retirement accounts
_____ Income earned in last 60 days (90% of which is exempt)
_____ Child support
_____ Spousal support or maintenance (alimony)
_____ Workers' compensation benefits
_____ Railroad retirement or Black lung benefits
_____ Covid-19 stimulus relief for individuals & families with children
_____ Other (describe exemption)_____

I request that any correspondence to me my claim be sent to
The following address:_____

**(FILL IN YOUR COMPLETE ADDRESS)**

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

DATE                              SIGNATURE OF JUDGMENT DEBTOR

# EXHIBIT C

January 6th, 2025

Tromberg, Morris &Partners, PLLC
39 Broadway Suite 1250
New York, NY 10006

Re: Docket R104620
Index number: CV-033383-18/KI

Attached to this letter is a copy of the exemption form for the levy put against my bank account on December 18, 2024. I am providing proof and calculations below verifying that exempt income was removed from my account as part of the levy. These calculations were completed with the help of the attorneys at The New Economy Project ,121 West 27th Street, Suite 804, New York, NY 10001, 212-680-5100. The following paycheck are used in the 60-day calculation:

October 25th: $1199.00    November 8th: $1280.50    November 22nd: $1213.82
December 6th: $1100.89    December 20th: $1336.49

The December 20, 2024 paycheck is included in the calculations as it posted into my account on December 18th, before the levy was posted and the pay period of that check is 11/30-12/13.

The total amount of my earnings for those paychecks is: $6130.70. Out of the total amount according to the law 90% is exempt from being levied. The total amount exempt from being levied is $5517.63. I have been allowed by the bank to withdraw $3840. I demand the remaining exempt amount of $1677.63 be returned to me as soon as possible.

Attached you will find copies of the paystubs used for the calculations as well as copies of bank statements to prove direct deposit and posting dates of the levy and final paycheck.

Sincerely,

Aleksandra Nesterova

P 4

2024-12-10 13:24        TD Bank 2122330384 >> TD Serv - OXO

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS INDEX# CV-033383-18/KI         Docket: R104620

Judgment Creditor                              **EXEMPTION CLAIM FORM**

CAVALRY SPV I, LLC

vs

Judgment Debtor

NESTEROVA, ALEKSANDRA
3415 NEPTUNE AVE 1106
BROOKLYN, NY 11224

| NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY | NAME AND ADDRESS OF FINANCIAL INSTITUTION |
|---|---|
| **ADDRESS A** | **ADDRESS B** |
| TROMBERG MORRIS & PARTNER, PLLC | TD BANK |
| STE 1250 | LEVY DEPT. |
| 39 BROADWAY | 11000 ATRIUM WAY |
| NEW YORK, NY 10006 | MOUNT LAUREL, NJ 08054 |

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. *****If you have any documents such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

I state that my account contains the following type(s) of funds (check all that apply):

____ Social Security
____ Social Security disability (SSD)
____ Supplemental security income (SSI)
____ Public assistance
____ Wages while receiving SSI or public assistance
____ Veterans benefits
____ Unemployment insurance
____ Payments from pensions and retirement accounts
_X_ Income earned in last 60 days (90% of which is exempt)
____ Child support
____ Spousal support or maintenance (alimony)
____ Workers' compensation benefits
____ Railroad retirement or Black lung benefits
____ Covid-19 stimulus relief for Individuals & families with children
____ Other (describe exemption)_____

I request that any correspondence to me my claim be sent to
The following address:
3415 Neptune Ave apt 1106 Brooklyn NY 11224
(FILL IN YOUR COMPLETE ADDRESS)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

1/6/25                              _[signature]_
DATE                                SIGNATURE OF JUDGMENT DEBTOR


