# AHMAD KESHAVARZ
### Attorney at Law

| | | |
|---|---|---|
| 16 COURT ST., 26TH FLOOR | WWW.NEWYORKCONSUMERATTORNEY.COM | Telephone: (718) 522-7900 |
| BROOKLYN, NY 11241-1026 | E-mail: ahmad@NewYorkConsumerAttorney.com | Fax: (877) 496-7900 |

**VIA ECF**
United States District Judge Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:**    **Motion to Strike Referral to Arbitration [Dkt. No. 5].**
            *Nesterova v. Tromberg, Morris & Partners, PLLC, et al.,* Case 1:25-cv-04478-HG

Your Honor:

    The undersigned represents Plaintiff in the above-entitled action against the debt collection law firm Tromberg, Morris & Partners, PLLC and its client Cavalry SPV I, LLC, a debt-buyer, for their violations of the Fair Debt Collection Practices Act, gross negligence, and conversion.

    On August 11, 2025 Plaintiff filed her Original Complaint [Dkt. No. 1]. An original Civil Cover Sheet was filed with the Complaint [Dkt. No. 1-1]. In certifying the case was ineligible for compulsory arbitration, the undersigned checked the box certifying the complaint sought injunctive relief, which is a basis on the form for being ineligible for arbitration.

    On August 12, 2025 the Clerk forwarded the case to mandatory arbitration. [Dkt. No. 5]. The staff in my office called the Clerk's office, which indicated that Plaintiff needed to file a motion with the Court for relief from the referral to arbitration. In reviewing the Civil Cover Sheet [Dkt. No. 1-1] the undersigned noted that the box regarding seeking injunctive relief was checked, when it should not have been. While most of the FDCPA cases filed by my office seek injunctive relief under GBL § 349 or New York City Administrative Code § 20-409.2, this case did not.

    The undersigned should have certified that counsel has a good faith belief that the monetary damages sought are in excess of $150,000 exclusive of interest and costs given claims of substantial garden variety emotional distress damages and the possibility for punitive damages for gross negligence and conversion. *See, e.g. Abel v. Town Sports Int'l*, LLC, 09 CIV. 10388 DF, 2012 WL 6720919 at * 15, 16, (S.D.N.Y. Dec. 18, 2012) (surveying "garden variety" damage awards of up to $125,000); *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 2025 WL 871637 at *9 (S.D.N.Y. 2025) (misrepresenting the legal rights of a consumer related to exempt funds states a claim for gross negligence and for punitive damages that must be resolved at trial); and *Morales v. Kavulich & Assocs., P.C.*, 294 F. Supp. 3d 193, 198 (S.D.N.Y. 2018) (restraint of bank, unlawful because non-existence of money judgment, creates a material issue for jury as to whether to award punitive damages for conversion).

    Consequently, on August 18, 2025 the undersigned filed a corrected Civil Cover Sheet [Dkt. No. 6] checking the box for certification for a good faith basis for the amount sought being in excess of $150,000, and not checking the box for injunctive relief.

    Given the correction and the suggestion of the Clerk's office, Plaintiff respectfully moves

for an Order striking the referral to arbitration [Dkt. No. 5].  The undersigned apologizes for his mistake and will endeavor to be more diligent in the future.

Sincerely,

/s/
Ahmad Keshavarz