```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x
ALEKSANDRA NESTEROVA,

                  Plaintiff,               ANSWER
         -against-
                                           25-CV-4478
TROMBERG, MORRIS AND PARTNERS, PLLC,
and CAVALRY SPV I, LLC,

                  Defendants.
------------------------------------------x
```

Defendant TROMBERG, MORRIS AND PARTNERS, PLLC, by its attorneys, Barron & Newburger, P.C., answers plaintiff's complaint as follows:

## PRELIMINARY STATEMENT

Defendant TROMBERG, MORRIS AND PARTNERS, PLLC, responds to the preliminary statement by alleging that it has not violated the Fair Debt Collection Practices Act nor has it committed gross negligence or conversion.

## SUMMARY OF CLAIMS

The answering defendant does not admit or deny the personal circumstances of the plaintiff as alleged in the complaint, but specifically agrees with the allegations that plaintiff had entered into a settlement agreement in July 2019 and had defaulted with respect to payments due under the settlement agreement.

1 | Page

The answering defendant specifically denies being informed that plaintiff's bank account contained exempt funds. Defendant did not receive any exemption claim form allegedly sent by the plaintiff. In addition, the answering defendant did not receive the Court Order issued in May 2025, directing the release of the restrained funds.

## PARTIES

1. The answering defendant admits the allegations contained in paragraph "1" of the complaint.

2. The answering defendant admits the allegations contained in paragraph "2" of the complaint.

3. The answering defendant admits that it is a debt collector as defined by the FDCPA.

4. The answering defendant admits the allegations contained in paragraph "4" of the complaint

5. This paragraph contains no factual allegations directed against the defendant and does not require an admission or denial.

6. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

## STATEMENT OF FACTS

### *The Initial Complaint*

1. The answering defendant admits that its predecessor law firm previously filed suit against plaintiff in Civil Court, Kings County.

2. The answering defendant admits that a judgment was previously entered against the plaintiff. The judgment was not a default judgment but was a judgment entered after plaintiff failed to honor the terms of a previously entered Settlement Agreement.

3. Defendant denies knowledge or information sufficient to form a belief as to when plaintiff became aware of the judgment entered against her in Civil Court, Kings County.

4. The answering defendant admits the allegations contained in paragraph "4" of the complaint.

5. The answering defendant denies knowledge or information sufficient to form a belief with respect to plaintiff's state of mind at the hearing of July 11, 2019. In addition, the answering defendant admits that plaintiff and defendant entered into a Settlement Agreement on that date.

6. The answering defendant admits that it entered into a Settlement Agreement with plaintiff, but otherwise denies the allegations contained in paragraph "6" of the complaint.

7. The answering defendant admits the allegations contained in paragraph "7" of the complaint.

8. The answering defendant denies each and every allegation contained in paragraph "8" of the complaint.

9. The answering defendant denies each and every allegation contained in paragraph "9" of the complaint.

10. The answering defendant admits the allegations contained in paragraph "10" of the complaint.

11. The answering defendant admits the allegations contained in paragraph "11" of the complaint. The New York court system was not entering default judgments against consumers for a period of time during the Covid 19 pandemic.

12. The answering defendant denies each and every allegation contained in paragraph "12" of the complaint.

13. The answering defendant admits the allegation contained in paragraph "13" of the complaint.

14. The answering defendant denies being informed that the restrained funds were exclusively earnings for services rendered within 60 days preceding the restraint. Plaintiff did not notify the answering defendant of this information until she filed an Order to Show Cause in 2025.

15. The answering defendant denies each and every allegation contained in paragraph "15" of the complaint.

16. The answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the complaint.

17. The answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the complaint.

18. The answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the complaint.

19. The answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the complaint.

20. The answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the complaint.

21. The answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the complaint.

22. The answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the complaint.

23. The answering defendant denies knowledge or information sufficient to form a belief with respect to plaintiff's efforts to obtain legal assistance. In addition, the answering defendant alleges that it never received any exemption claim form that may have been completed by the New Economy Project.

24. The answering defendant denies ever receiving the exemption claim form allegedly sent to it by the plaintiff. In addition, defendant denies being informed by TD Bank that it received any exemption claim form from the plaintiff.

25. The answering defendant denies each and every allegation contained in paragraph "25" of the complaint. The exhibits attached to the complaint do not show any confirmation of the answering defendant's receipt of the exemption claim form.

26. The answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the complaint.

27. The answering defendant admits the allegations contained in paragraph "27" of the complaint.

28. The answering defendant denies each and every allegation contained in paragraph "28" of the complaint.

29. The answering defendant admits transferring money to its client Cavalry, but denies transferring any money after receiving any exemption claim form or any notifications from Civil Court.

**Tromberg Doubles Down and Opposes the Order to Show Cause**

30. The answering defendant denies each and every allegation contained in paragraph "30" of the complaint. The answering defendant transferred money to Cavalry before being informed that any restrained funds were exempt.

31. The answering defendant denies each and every allegation contained in paragraph "31" of the complaint.

32. The answering defendant denies each and every allegation contained in paragraph "32" of the complaint.

33. The answering defendant admits that plaintiff filed a third Order to Show Cause, but otherwise denies the allegations contained in paragraph "33" of the complaint.

34. The answering defendant admits opposing plaintiff's Order to Show Cause, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the complaint.

35. The answering defendant admits that plaintiff contacted City Marshal Moses, but City Marshal Moses no longer had any funds belonging to the plaintiff at the time he was contacted by her.

36. The answering defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the complaint.

37. The answering defendant admits the allegations contained in paragraph "37" of the complaint. The answering defendant was never served with the Court Order.

38. The answering defendant denies each and every allegation contained in paragraph "38" of the complaint.

***The Collection Lawsuit Causes Ms. Nesterova Significant Stress, Forced Her to Incur Travel Expenses, and Inflicted Emotional Distress Damages***

39. The answering defendant denies knowledge or information sufficient for form a belief as to the allegations contained in paragraph "39" of the complaint.

40. The answering defendant denies knowledge or information sufficient for form a belief as to the allegations contained in paragraph "40" of the complaint.

41. The answering defendant denies knowledge or information sufficient for form a belief as to the allegations contained in paragraph "41" of the complaint.

42. The answering defendant denies knowledge or information sufficient for form a belief as to the allegations contained in paragraph "42" of the complaint.

43. The answering defendant denies knowledge or information sufficient for form a belief as to the allegations contained in paragraph "43" of the complaint.

44. The answering defendant denies each and every allegation contained in paragraph "44" of the complaint.

45. The answering defendant denies each and every allegation contained "45" of the complaint.

46. The answering defendant denies each and every allegation contained "46" of the complaint.

47. The answering defendant repeats and realleges its previous admissions and denial contained in paragraphs "1" through "46" of the complaint.

48. This paragraph contains no factual allegations directed against the defendant and does not require an admission or denial.

49. This paragraph contains no factual allegations directed against the defendant and does not require an admission or denial.

50. The answering defendant admits the allegations contained in paragraph "50" of the complaint.

51. The answering defendant admits the allegations contained in paragraph "51" of the complaint.

52. The answering defendant admits that it is a debt collector as defined by the Fair Debt Collection Practices Act.

53. The answering defendant denies each and every allegation contained in paragraph "53" of the complaint.

54. The answering defendant denies each and every allegation contained in paragraph "54" of the complaint.

55. The answering defendant denies each and every allegation contained in paragraph "55" of the complaint.

56. The answering defendant denies each and every allegation contained in paragraph "56" of the complaint.

57. The answering defendant denies each and every allegation contained in paragraph "57" of the complaint.

58. The answering defendant denies each and every allegation contained in paragraph "58" of the complaint.

59. The answering defendant denies each and every allegation contained in paragraph "59" of the complaint.

60. The answering defendant denies each and every allegation contained in paragraph "60" of the complaint.

61. The answering defendant denies each and every allegation contained in paragraph "61" of the complaint.

62. The answering defendant denies each and every allegation contained in paragraph "62" of the complaint.

63. The answering defendant denies each and every allegation contained in paragraph "63" of the complaint.

64. The answering defendant denies each and every allegation contained in paragraph "64" of the complaint.

65. The answering defendant repeats and reallges its previous admission and denials contained in paragraphs "1" through "64" of the complaint.

66. This paragraph contains no factual allegations directed against the defendant and does not require an admission or denial.

67. This paragraph contains no factual allegations directed against the defendant and does not require an admission or denial.

68. This paragraph contains no factual allegations directed against the defendant and does not require an admission or denial.

69. The answering defendant denies each and every allegation contained in paragraph "69" of the complaint.

70. The answering defendant denies each and every allegation contained in paragraph "70" of the complaint.

71. The answering defendant denies each and every allegation contained in paragraph "71" of the complaint.

72. The answering defendant denies each and every allegation contained in paragraph "72" of the complaint.

73. The answering defendant admits the allegations contained in paragraph "73" of the complaint.

74. The answering defendant denies each and every allegation contained in paragraph "74" of the complaint.

75. The answering defendant denies each and every allegation contained in paragraph "75" of the complaint.

76. The answering defendant denies each and every allegation contained in paragraph "76" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in full or in part, by the one-year Statute of Limitations for the FDCPA.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

78. Plaintiff has failed to mitigate her damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

79. Plaintiff has failed to comply with New York State law by failing to serve defendant with an exemption claim form.

WHEREFORE, the answering defendant prays that plaintiff takes nothing in this case and that it be awarded its fees and costs, together with all such other and further relief as to which it may be justly entitled.

Dated: New City, NY
       October 23, 2025

_____
Arthur Sanders
BARRON & NEWBURGER, P.C.
Attorneys for Defendant Tromberg,
Morris and Partners, PLLC
30 South Main Street
New City, NY  10956
845-499-2990

TO:
AHMAD KESHAVARZ, ESQ.
THE LAW OFFICE OF AHMAD KESHAVARZ
Attorney for plaintiff
16 Court Street, 26th Floor
Brooklyn, NY  11241