Case Name: _Nesterova v. Tromberg, Morris & Partners, PLLC et al_   Case Number:  1:25 CV - 04478 (PK)

# **CONFIDENTIALITY ORDER**

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

  XX  Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

  XX  Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

  XX   Medical and Legal Records, including medical files and reports.

  ___Non-public criminal history.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

~~At the time of a deposition or~~ Within 10 days after receipt or notice of availability of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This is the sole method of designating deposition portions confidential. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. ~~The confidential portion of the transcript and any exhibits referenced solely therein~~

Last saved 12/8/2025 11:52 AM~~12/8/2025 11:48 AM~~         1

**REV. 4-20-20**

~~shall be bound in a separate volume and marked "Confidential Information" by the reporter.~~

(d) Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(g) If a party believes that a document designated or sought to be designated confidential by the producing party ("Producing Party") does not warrant such designation, the party ("Challenging Party") may at any time give written notice by way of email to the Producing Party stating that it is objecting to the confidentiality designation and providing a summary of reason(s) for the objection(s). Not later than ten (10) business days following the issuance of such written notice, the Challenging Party and Designating Party shall meet and confer telephonically, to attempt in good faith to resolve the dispute without the need for court intervention. In the event the dispute is not resolved between the Parties during the meet and confer, the Producing Party shall have twenty-one (21) days from the date of the telephonic "meet and confer" to apply to the Court for an order specifically designating the material at issue as confidential, or the confidentiality designation is waived. The Designating Party has the burden of establishing good cause for the material to be treated as confidential, regardless if falls within the categories of item (a) above. ~~, first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.~~

(h) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed

Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

(i) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(j) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(k) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

**AGREED**:

Defendant TROMBERG, MORRIS & PARTNERS PLLC

By: _____    Dated: _____
    Arthur Sanders
    BARRON & NEWBURGER, P.C.
    Attorney for Defendant

Defendant CAVALRY SPV I, LLC

By: _____    Dated: _____
    Donald Maurice
    Maurice Wutscher
    Attorney for Defendant

Plaintiff ALEKSANDRA NESTEROVA

By: _____    Dated: _____
    Ahmad Keshavarz
    The Law Office of Ahmad Keshavarz
    Attorney for Plaintiff

SO ORDERED:

_____   _____
**PEGGY KUO**                               **Date**
United States Magistrate Judge

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Nesterova v. Tromberg, Morris & Partners PLLC et al., 1:25-CV-04478 (PK) (SDNY)</u> have been designated as confidential.

I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____   DATED: _____
[Signature]

Signed in the presence of:

_____
(Attorney)