UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

**ALEKSANDRA NESTEROVA,**

                                                                                    Case No.: 1:25-cv-04478-PK

                          **Plaintiff,**

        -against-

**TROMBERG, MORRIS & PARTNERS, PLLC,
CAVALRY SPV I, LLC, and
CAVALRY PORTFOLIO SERVICES, LLC**

                        **Defendants.**

-------------------------------------------------------------------X

          **Stipulation To Filed First-Amend Complaint Pursuant To Fed.R.Civ.P. 15(a)(2)**

1. Pursuant to the scheduling order entered by the Court, any motion to amend shall be filed by February 2, 2026.

2. All current parties in this action, Plaintiff and Defendants Tromberg, Morris & Partners PLLC and Cavalry SPV I, LLC, have stipulated and consented, in writing, to Plaintiff filing a First Amended Original Complaint (a redlined version of which is attached as Exhibit A).

3. The First Amended Complaint:

    **a.** adds a claim for conversion and gross negligence against Cavalry Portfolio Services, LLC based on the same nucleus of operative facts that formed the basis of the Original Complaint.

4. FRCP 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent *or* the court's leave." (emphasis added). Therefore, given that all parties to the action have agreed to the amendment by written consent, it appears as though leave of court is not required. Wright & Miller, Federal Practice & Procedure: Civil § 1490 (1989) ("The pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be

filed."); <u>Fern v. United States</u>, 213 F.2d 674, 677 (9th Cir.1954) ("Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)."); <u>Fort Howard Paper Co. v. Standard Havens, Inc.</u>, 901 F.2d 1373, 1379 (7th Cir.1990) (pleader's right to amend after consent of an adverse party is not subject to the discretion of the court); and <u>Bilmar Drilling, Inc. v. IFG Leasing Co.</u>, 795 F.2d 1194, 1199 (5th Cir.1986). Wright & Miller, Federal Practice & Procedure: Civil § 1490 (1989) ("The pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be filed."); <u>Fern v. United States</u>, 213 F.2d 674, 677 (9th Cir.1954) ("Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)."); <u>Fort Howard Paper Co. v. Standard Havens, Inc.</u>, 901 F.2d 1373, 1379 (7th Cir.1990) (pleader's right to amend after consent of an adverse party is not subject to the discretion of the court); and <u>Bilmar Drilling, Inc. v. IFG Leasing Co.</u>, 795 F.2d 1194, 1199 (5th Cir.1986).

5.  By consenting to the amendment, Defendants are not stipulating to the correctness or factual accuracy of the additional allegations made in the amended complaint.

Dated: Brooklyn, New York
February 2, 2026

_____/s/_____
Donald Maurice
5 Walter Foran Boulevard
Flemington, NJ 08822
*Attorney for Defendants Cavalry SPV I, LLC and Cavalry Portfolio Services, LLC*

_____/s/_____
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Attorney for Plaintiff Aleksandra Nesterova

_____/s/_____
Arthur Sanders
30 South Main Street
New City, NY 10956
*Attorney for Defendant Tromberg, Morris & Partners PLLC*