

**TROMBERG, MORRIS & PARTNERS, PLLC**
Attorneys at Law

Licensed to Practice Law in FL, NJ, NY, PR, TX & A

39 Broadway, Suite 1250, New York, NY 10006
Phone: (800)280-6205  FAX: (212)227-9656
Website: www.tmpllc.com

ALEKSANDRA NESTEROVA
3415 NEPTUNE AVE, APT 1106
BROOKLYN NY 11224

Re:  *Cavalry SPV I, LLC vs. ALEKSANDRA NESTEROVA*
     INDEX NO. CV-033383-18/KI

Dear ALEKSANDRA NESTEROVA:

Enclosed please find a copy of the plaintiff's affirmation in opposition to the defendant's order to show cause, the original of which has been sent to court for filing.

Please call our office if you are willing to resolve this matter amicably.

Sincerely,

Encl.

CIVIL COURT OF THE CITY OF NEW YORK           INDEX NO.CV-033383-18/KI
COUNTY OF KINGS
Cavalry SPV I, LLC
           Plaintiff,
  -against-

                                                               **AFFIRMATION**

ALEKSANDRA NESTEROVA
                          Defendant.

Jordan Lipset, an attorney duly licensed to practice law in the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an associate of the firm appearing as attorneys of record for the plaintiff and am fully familiar with all of the statements submitted herein. I submit this Affirmation in opposition to the defendant's order to show cause.

2. Attached hereto for the court to review is a copy of the entered judgment, (*Exhibit A*), a copy of the signed and filed Stipulation of Settlement between the parties, (*Exhibit B*), copies of the default letters mailed to Defendant. (*Exhibit C*), a copy of Defendant's Order to Show Cause, (*Exhibit D*), and a copy of defendant's payment history. (*Exhibit E*).

3. As a matter of law, to obtain vacatur of order or judgment entered on the basis of default, it is well settled that a defendant has the burden of proving there existed both (1) a reasonable excuse for his default and (2) a meritorious defense or claim. NY CPLR § 5015(a), ¶ 1; *Bonded Concrete v. Audino*, 663 N.Y.S.2d 916 (1997), *Marine Midland Bank N.A. v. Fanning*, 649 N.Y.S.2d 102 (1996). A movant must set forth detailed factual allegations which explain the reason for vacating a default judgment. *Grezinsky v. Mount Hebron Cemetery*, 759 N.Y.S.2d 386 (2003).

## DEFENDANT DOES NOT HAVE A MERITORIOUS DEFENSE

4. The plaintiff was granted a default judgment against the defendant in the amount of $4,899.09 on 2/14/2022. See (*exhibit A*). After the default judgment, the defendant and Plaintiff entered into a Stipulation of Settlement on 7/11/2019. The stipulation stated that "Plaintiff consents to release any and all bank restraints, garnishments, liens, etc. that have been executed in reference to the instant matter. The defendant herein appears, withdraws the order to show cause motion, acknowledges service of the summons and verified complaint, admits the jurisdiction and venue of this Court, and that there are no defenses to this action. Plaintiff has agreed to accept the sum of $4,000.00 in full satisfaction of the debt due plaintiff, to be repaid as follows: monthly installments of $75.00 to be paid on or before the 15th of each month, beginning August 15, 2019." See (*exhibit B*).

5. Defendant failed to make the appropriate payments when due. As a result, Defendant was in default of the stipulation of settlement and received default notices which defendant failed to cure within the required 10 days. See (*Exhibit C*).

6. Per the terms of the stipulation, after Defendant failed to cure within 10 days the scheduled payment dates Plaintiff exercised their right to enter judgment for the full amount alleged in the summons and complaint minus any payments made under the stipulated agreement. See (*Exhibit B*).

7. Defendant payments towards the stipulation prior to the default were credited as evidenced by Defendant's payment history. See (*Exhibit E*).

8. Defendant claims for their meritorious defense that "I was unable to continue making payments under the Stipulation of Settlement because of financial hardship

and attempted multiple times to reach Plaintiff for more time or a modified payment plan but I never received a 10-day Notice to Cure Default from Plaintiff." See (exhibit D).

9. While Plaintiff sympathizes with the defendant's current financial condition, New York courts are well-settled on this point of law: Economic hardship and financial difficulty, even to the point of insolvency or bankruptcy, does not relieve a defendant from liability and failure to perform a contract. *Pettinelli Elec. Co., Inc. v. Board of Ed. of City of New York*, 56 A.D.2d 520, 391 N.Y.S.2d 118 (1997); *Bet Const. Corp. v. City of New York* 96 Misc.2d 1102, 410 N.Y.S.2d 524 (1978). *Piro v. Bowen*, 430 N.Y.S.2d 847, 76 A.D.2d 392 (1980).

10. In addition, Plaintiff has sent three different Notice of Default letters to the defendant. These letters were sent on 8/19/2019, 9/19/2019, and 11/19/2019. See (exhibit C).

11. It is not the function of the courts to "rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain" *Marriott Corp. v. Dasta Constr. Co.* (26 F3d 1057, 1068 [11th Cir1994]).

12. Defendant entered into a contract and defaulted by failing to perform the material terms and a lawful judgment was entered for the remaining balance due.

13. Therefore, Plaintiff respectfully requests that the Court strike this defense.

<u>DEFENDANT DOES NOT HAVE A REASONABLE EXCUSE FOR DEFAULT</u>

14. Defendant's stated defense for failing to honor the terms of the stipulation agreement is because of financial hardship and they never received default letters. See (*Exhibit D*).

15. As can be clearly seen by the default letters and payment history of defendant, the amount due was increased as authorized by the contract due to defendant's default.

16. While Defendant may wish to continue with her stipulation agreement, Plaintiff has every right to enforce the judgment. See (*exhibit A*).

17. As stated above, while Plaintiff sympathizes with the defendant's current financial condition, New York courts are well-settled on this point of law: Economic hardship and financial difficulty, even to the point of insolvency or bankruptcy, does not relieve a defendant from liability and failure to perform a contract. *Pettinelli Elec. Co., Inc. v. Board of Ed. of City of New York*, 56 A.D.2d 520, 391 N.Y.S.2d 118 (1997); *Bet Const. Corp. v. City of New York* 96 Misc.2d 1102, 410 N.Y.S.2d 524 (1978). *Piro v. Bowen*, 430 N.Y.S.2d 847, 76 A.D.2d 392 (1980).

18. Therefore, the defendant does not have a reasonable excuse for the default.

WHEREFORE, the Order to Show Cause to vacate the judgment should be denied in its entirety.

Dated: New York, New York
March 28, 2025

*[signature]*

# Kings County Civil Court
## Civil Judgment

**Plaintiff(s):**
Cavalry SPV I, L.L.C

vs.

**Defendant(s):**
ALESKANDRA NESTEROVA

**Index Number:** CV-033383-18/KI
**Judgment issued:** Per Default in Stipulation
**On Motion of:**

Stephen Einstein & Associates, P.C.
39 Broadway, Suite 1250, New York, NY 10006

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $4,864.09 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $221.25 | Consumer Credit Fee | $95.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $46.25 | Enforcement Fee | $50.00 |
| Interest | $0.00 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $20.00 | Jury Demand Fee | $0.00 | | |
| **Total Damages** | **$4,642.84** | **Total Costs & Disbursements** | **$256.25** | **Judgment Total** | **$4,899.09** |

The following named parties, addressed and identified as creditors below:

**Plaintiff creditor(s) and address**
(1) Cavalry SPV I, L.L.C
500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-1340

Shall recover of the following parties, addresses and identified as debtors below:

**Defendant debtor(s) and address**
(1) ALESKANDRA NESTEROVA
3415 NEPTUNE AVE, APT 1106, Brooklyn, NY 11224

Judgment entered at the Kings County Civil Court, 141 Livingston Street, Brooklyn, NY 11201, in the STATE OF NEW YORK in the total amount of **$4,899.09** on 02/14/2022 at 09:04 AM.

Judgment sequence 2

*Alia Razzaq*

Alia Razzaq, Chief Clerk

# STEPHEN EINSTEIN
## & ASSOCIATES, P.C.

STEPHEN EINSTEIN  
ANTHONY S. POULIN *  
SCOTT MORRIS *

39 BROADWAY, SUITE 1250  
NEW YORK, NY 10006

PHONE: 212-267-3550  
PHONE: 800-280-6205  
FAX: 212-227-9656

EVRIDIKE KOLLIS  
JOSEPH J. CASSOTTA *  
STEPHANIE R. VETCH  
RAFEENA KHAIRULLAH*  
MONIQUE AZIZA  
AKSANA BONDARTSEVA

*Admitted in N.Y. and N.J.*

August 19, 2019

ALEKSANDRA NESTEROVA  
3415 NEPTUNE AVE 1106  
BROOKLYN NY 11224

## NOTICE OF DEFAULT

**Account Information**

Current Creditor: Cavalry SPV I, LLC  
Original Creditor: Synchrony Bank  
Account #: XXXXXXXXXXX7609  
Matter #: 289320.001

Dear ALEKSANDRA NESTEROVA:

Please be advised that we have not received your payment that was due on 8/15/2019. Payment in the amount of $75.00 must be received by our office no later than ten (10) days from receipt of this notice.

If your account remains in default, we may resume legal collection activity.

Should you have any questions regarding your account or you wish to set up a payment arrangement, please contact one of our Account Managers at (800)280-6205. When calling us to discuss your account or to make a payment, please refer to your matter # of 289320.

Sincerely,

The Law Office of Stephen Einstein and Associates, P.C.


800-280-6205




www.stepheneinstein.com

**THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

New York City Department of Consumer Affairs License No. 2044935-DCA

P_DEF

# STEPHEN EINSTEIN
## & ASSOCIATES, P.C.

**STEPHEN EINSTEIN**
**ANTHONY S. POULIN** *
**SCOTT MORRIS** *

39 BROADWAY, SUITE 1250
NEW YORK, NY 10006

PHONE: 212-267-3550
PHONE: 800-280-6205
FAX: 212-227-9656

**EVRIDIKE KOLLIS**
**JOSEPH J. CASSOTTA** *
**STEPHANIE R. VETCH**
**RAFEENA KHAIRULLAH** *
**MONIQUE AZIZA**
**AKSANA BONDARTSEVA**

* Admitted in N.Y. and N.J.

September 19, 2019

**ALEKSANDRA NESTEROVA**
**3415 NEPTUNE AVE 1106**
**BROOKLYN NY  11224**

## NOTICE OF DEFAULT

### Account Information

Current Creditor: Cavalry SPV I, LLC
Original Creditor: Synchrony Bank
Account #: XXXXXXXXXXXX7609
Matter #: 289320.001

Dear ALEKSANDRA NESTEROVA:

Please be advised that we have not received your payment that was due on 9/15/2019. Payment in the amount of $75.00 must be received by our office no later than ten (10) days from receipt of this notice.

If your account remains in default, we may resume legal collection activity.

Should you have any questions regarding your account or you wish to set up a payment arrangement, please contact one of our Account Managers at (800)280-6205. When calling us to discuss your account or to make a payment, please refer to your matter # of 289320.

Sincerely,

The Law Office of Stephen Einstein and
Associates, P.C.


800-280-6205




www.stepheneinstein.com

**THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
New York City Department of Consumer Affairs License No. 2044935-DCA

P_DEF



# STEPHEN EINSTEIN
## & ASSOCIATES, P.C.

STEPHEN EINSTEIN  
ANTHONY S. POULIN *  
SCOTT MORRIS *

39 BROADWAY, SUITE 1250  
NEW YORK, NY 10006

PHONE: 212-267-3550  
PHONE: 800-280-6205  
FAX: 212-227-9656

*Admitted in N.Y. and N.J.*

November 18, 2019

ALEKSANDRA NESTEROVA  
3415 NEPTUNE AVE 1106  
BROOKLYN NY 11224

## NOTICE OF DEFAULT

### Account Information

Current Creditor: Cavalry SPV I, LLC  
Original Creditor: Synchrony Bank  
Account #: XXXXXXXXXXX7609  
Matter #: 289320.001

Dear ALEKSANDRA NESTEROVA:

Please be advised that we have not received your payment that was due on 11/15/2019. Payment in the amount of $75.00 must be received by our office no later than ten (10) days from receipt of this notice.

If your account remains in default, we may resume legal collection activity.

Should you have any questions regarding your account or you wish to set up a payment arrangement, please contact one of our Account Managers at (800)280-6205. When calling us to discuss your account or to make a payment, please refer to your matter # of 289320.

Sincerely,

The Law Office of Stephen Einstein and Associates, P.C.


800-280-6205




www.stepheneinstein.com

**THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

New York City Department of Consumer Affairs License No. 2044935-DCA

P_DEF

28 2025   9:10AM

Tromberg, Morris & Partners, PLLC
39 Broadway, Suite 1250
New York, NY 10006
(212)267-3550
(212)227-9656
info@tmppllc.com

# Payment Activity Report

For Claim: 289320.001

ALEKSANDRA NESTEROVA
3415 NEPTUNE AVE
APT 1106
BROOKLYN, NY 11224

Client:   00832 - Cavalry Portfolio Services, LLC

| Date | Type | Activity | Paid By | Amount |
|---|---|---|---|---|
| 08/20/2019 | PMT | Money Order |  | 75.00 |
| 10/09/2019 | PMT | Money Order |  | 75.00 |
| 10/23/2019 | PMT | Garnishee / Employer Check | NESTEROVA, ALEKSANDR | 71.25 |
| 02/05/2025 | PMT | Bank Property Execution | NESTEROVA, ALEKSANDR | 3,166.77 |

COUNT:   4                                                                                      3,388.02

Settlement Remaining Balance = $611.98